# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORIN TURKOVICH, | ) |
| Plaintiff, | ) |
| | ) 2:20-cv-00694-NR |
| v. | ) |
| | ) |
| SALLY BEAUTY SUPPLY LLC, | ) |
| Defendant. | ) |

## ORDER ENTERING DEFAULT JUDGMENT

Plaintiff Lorin Turkovich filed this action on May 11, 2020, alleging that Defendant Sally Beauty Supply LLC terminated her based on her disabilities (PTSD, ADHD, and anxiety), in violation of the Americans with Disabilities Act. [ECF 1]. On July 31, 2020, Ms. Turkovich served Sally with a summons and the complaint. [ECF 6]. Despite being served, Sally never responded to the complaint or sought an extension to do so. After Sally's time to respond to the complaint expired, Ms. Turkovich filed a request for entry of default on September 1, 2020. [ECF 9]. The Clerk of Court entered default on September 21, 2020. [ECF 10].

Ms. Turkovich moved for default judgment on September 24, 2020. [ECF 11; ECF 12]. The Court held a hearing on the motion by Zoom videoconference on November 30, 2020. [ECF 21]. Now, based on the evidence and testimony presented at the hearing and a review of Ms. Turkovich's written submissions, the Court finds as follows:

**I.  Ms. Turkovich has satisfied the prerequisites to obtain a default judgment against Sally Beauty Supply LLC.**

First, Ms. Turkovich has satisfied the prerequisites to obtain a default judgment against Sally under Federal Rule of Civil Procedure 55(b)(2). *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Harty v. Azad Holdings LLC*, No. 14-6566, 2016 WL 4045338, at *2 (E.D. Pa. July 27, 2016).

**1.     Legitimate Cause of Action.**  Ms. Turkovich's unchallenged complaint states a legitimate claim of disability discrimination against Sally. *See Harty*, 2016 WL 4045338, at *2 ("[T]he Court must first ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.") (cleaned up).  Specifically, Ms. Turkovich alleges (1) that she has a disability (PTSD, ADHD, and Anxiety); (2) that she is a qualified individual under the ADA (*i.e.*, that she could perform the "essential functions of her job" at all relevant times); (3) that she suffered an adverse employment action (termination); and (4) that her employer was aware of her disability at the time she was fired.  These allegations are sufficient to state a *prima facie* case of disability discrimination, which Sally has failed to rebut.  Additionally, Ms. Turkovich testified at the default-judgment hearing about comments made by her supervisor that further support an inference of discrimination, at least in the absence of any rebuttal by Sally.

**2.     Prejudice to Plaintiff.**  Ms. Turkovich would suffer prejudice if default judgment is denied.  Where a defendant does not appear to defend a claim at all, despite having ample opportunity to do so, "denying the motion will prejudice [the plaintiff] because [she] has no other means of vindicating [her] claims." *Id.* at *3 (cleaned up).

**3.     Litigable Defense.**  Sally has not asserted any litigable defense, because it has not appeared at all. "[T]he court may presume that an absent defendant who has failed to answer has no meritorious defense because it is not the court's responsibility to research the law and construct the parties' arguments for them." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014) (cleaned up).  In particular, Sally has not offered any non-discriminatory reason to justify its firing of Ms. Turkovich.

**4.    Culpable Conduct.**  Sally's ongoing failure to appear or defend against Ms. Turkovich's allegations in the face of proper service is, in itself, grounds for concluding that Sally defaulted with sufficient culpability to justify the entry of default judgment. *See Innovative Office Prods., Inc. v. Amazon.com, Inc.*, No. 10-4487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012) ("A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful."); *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 542 (E.D. Pa. 2008) ("Defendants' default and their decision not to defend against these allegations are grounds for concluding that their actions were willful.").

## II.    Ms. Turkovich is entitled to recover $28,390.96 in combined back pay, front pay, and emotional-harm damages.

Next, the evidence presented at the hearing established that Ms. Turkovich is entitled to recover a total of **$28,390.96** in damages upon entry of default judgment against Sally, which breaks down as follows:

**1.    Back Pay.** An award of back pay is appropriate. *See Johnson v. Dependability Co., L.L.C.*, No. 15-3355, 2016 WL 852038, at *4-5 (E.D. Pa. Mar. 3, 2016). After considering the evidence presented, the Court finds that Ms. Turkovich is entitled to back pay in the total amount of **$14,331.88**. This amount represents back pay covering the period from the end of Ms. Turkovich's employment with Sally until the date of the damages hearing (*i.e.*, July 30, 2019 until November 30, 2020), calculated using Ms. Turkovich's wage of $10.15 per hour and average of 21.9 hours worked per week during that time period plus interest at a 3% rate, *see id.* at *3, but excluding wages for two months where Ms. Turkovich was briefly employed at a dollar store. *See id.* ("Federal courts have discretion over whether to award prejudgment interest

and the interest rate to be used. … Federal courts typically use the IRS overpayment rate, which is 3%, or the one-year T-bill rate, which varies over time."). Ms. Turkovich consented to the exclusion of the wages for those two months during the hearing, in order to avoid providing more detailed calculations as to mitigation. Moreover, the Court has no doubt that Ms. Turkovich's hourly wages as a cashier at a dollar store do not exceed in any material way the wages she would have made had she been employed by Sally during this time. Thus, excising these two months from the Court's back-pay calculations is an appropriate way to account for Ms. Turkovich's mitigation. Beyond this, Ms. Turkovich presented sufficient evidence that further mitigation was not feasible given her state of mind and emotional well-being.

      **2.**    **Front Pay.** An award of front pay is also appropriate, to provide Ms. Turkovich with compensation sufficient to allow reasonable time for her to reestablish herself in the job market. *See Schall v. Ronak Foods*, No. 19-1463, 2019 WL 4034765, at *4 (E.D. Pa. Aug. 27, 2019) ("Determining what constitutes a reasonable period for [the plaintiff] to reestablish her rightful place in the job market is left to the Court's discretion."). Based on the evidence presented, the Court finds that front pay in the total amount of **$11,559.08** is appropriate. This amount reflects one year of front pay at Ms. Turkovich's wage of $10.15 per hour and her 2019 average of 21.9 hours worked per week. The Court finds that this is a reasonable prediction of the wages necessary to compensate Ms. Turkovich for the time needed to find equivalent, part-time retail or service industry work. *Compare to Schall,* 2019 WL 4034765, at *4 (awarding one year of front pay to "on and off" restaurant employee).

      **3.**    **Emotional Harm.** The Court finds that Ms. Turkovich is entitled to recover some compensatory damages for the emotional harm caused by Sally unlawfully terminating her from a job she loved for discriminatory reasons.

*See Gagliardo v. Connaught Labs., Inc.*, 311 F.3d 565, 573-74 (3d Cir. 2002) ("The testimony demonstrated the effects of the mental trauma, transforming Gagliardo from a happy and confident person to one who was withdrawn and indecisive. ... [T]his evidence establishes a reasonable probability that Gagliardo incurred the emotional damages[.]"); *Perez v. Camden Municipal Court*, No. 14-7473, 2016 WL 7338524, at *4 (D.N.J. Dec. 19, 2016) ("The Third Circuit has upheld a jury award for emotional damages under the ADA based on testimony from lay witnesses.").

Specifically, Ms. Turkovich presented evidence that her pre-existing mental-health conditions were exacerbated by the firing, and that she has experienced significant depression ever since. Sally is liable for exacerbating these conditions, even if it did not cause them in the first place. *See Hare v. H & R Indus., Inc.*, No. 00-4533, 2002 WL 777956, at *2 (E.D. Pa. Apr. 29, 2002) ("[U]nder the so-called eggshell plaintiff doctrine of tort law, it is well-known that the Defendant tortfeasor takes the Plaintiff as she is. That Plaintiff was susceptible to other stress factors is irrelevant to the amount of damages.").

At the same time, however, the Court is mindful of the amorphous nature of this harm, and cautious to ensure that any emotional damages serve only a compensatory (not punitive) purpose. There is no evidence of physical injury or hospitalization due to any emotional injury. Nor is there any evidence that Sally engaged in aggravating conduct beyond the act of firing Ms. Turkovich. After balancing these considerations, the Court finds that an award of **$2,500.00** is appropriate to compensate Ms. Turkovich for the emotional harm she has suffered.

- 6 -

## **CONCLUSION**

For the foregoing reasons, the Court will enter default judgment in favor Ms. Turkovich and against Sally Beauty Supply LLC for the principal sum of **$28,390.96**.  A separate judgment order follows.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge
