IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORIN TURKOVICH, | ) |
| Plaintiff, | ) |
| | ) 2:20-cv-00694-NR |
| v. | ) |
| | ) |
| SALLY BEAUTY SUPPLY LLC, | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

### J. Nicholas Ranjan, United States District Judge

Counsel for Plaintiff Lorin Turkovich move for an award of attorney's fees and costs in connection with their successful representation of Ms. Turkovich in this case, which terminated with a default judgment in her favor. After careful review, the Court grants the motion in part, and awards a total of **$13,845.00** in fees and costs.

A "prevailing party" in an employment-discrimination lawsuit under the Americans with Disabilities Act is entitled to an award of costs and reasonable attorney's fees. *See* 42 U.S.C. § 12205. Here, the Court entered a default judgment of $28,390.96 in favor of Ms. Turkovich on December 2, 2020. ECF 22. She is therefore a "prevailing party" entitled to costs and reasonable attorney's fees. The question, of course, is what amount of fees is "reasonable" under the circumstances.

Counsel for Ms. Turkovich submit that their hourly rate is $400.00 and $300.00 per hour, respectively. They seek attorney's fees totaling $19,533.00 and costs totaling $525.00. After careful consideration, the Court adjusts this award as follows:

(1)   While the quality of representation that counsel provided to Ms. Turkovich was commendable, the Court finds that counsel's proposed "hourly rates" are somewhat excessive considering the prevailing market rates in the community for attorneys with equivalent experience, as well as the relatively straightforward resolution of this case based on an uncontested default judgment. The Court therefore lowers Attorney Harris's hourly rate to **$300.00 per hour** and lowers

Attorney Berardinelli's hourly rate to **$280.00 per hour**. These adjusted rates are consistent with the fee schedule established by Community Legal Services, Inc., which "has been approvingly cited by the Third Circuit as being well developed and has been found … to be a fair reflection of the prevailing market rates in Philadelphia." *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001) (cleaned up). Considering that rates in the Philadelphia legal market are, if anything, likely to be higher than those in the Pittsburgh market, the Court finds that these rates reflect what is at least a fair market value, and perhaps then some, for counsel's excellent service to their client.

(2)   Upon review of the itemized timesheets provided by counsel, the Court also makes the following additional adjustments:

(a)   From Attorney Harris's timesheet, the Court declines to award fees for the following time entries, which total **9.9 hours**, as either non-billable or lacking sufficient clarity to justify the time billed:

| # | Date | Description | Hours |
|---|---|---|---|
| 1 | 5/7/2020 | "E-mail correspondence with client | 0.90 |
| 2 | 5/8/2020 | "E-mail correspondence with client" | 1.20 |
| 3 | 5/10/2020 | "E-mail correspondence with client" | 0.60 |
| 5 | 5/12/2020 | "E-mail correspondence with client" | 0.20 |
| 6 | 5/15/2020 | "E-mail correspondence with client" | 0.20 |
| 7 | 5/16/2020 | "E-mail correspondence with client" | 0.20 |
| 8 | 5/28/2020 | "client voicemail" | 0.10 |
| 9 | 8/3/2020 | "receipt of proof of service" | 0.10 |
| 10 | 8/3/2020 | "E-mail correspondence with client" | 0.10 |

| | | | |
|---|---|---|---|
| 11 | 8/4/2020 | "E-mail correspondence with client" | 0.30 |
| 12 | 8/22/2020 | "Check docket for answer/entry of appearance" | 0.10 |
| 13 | 8/22/2020 | "Check docket for answer/entry" | 0.10 |
| 14 | 9/1/2020 | "E-mail correspondence with client" | 0.10 |
| 15 | 9/4/2020 | "E-mail correspondence with client" | 0.10 |
| 16 | 9/21/2020 | "Check docket for answer/entry" | 0.10 |
| 17 | 9/22/2020 | "Check docket for answer/entry" | 0.10 |
| 18 | 9/24/2020 | "Check docket for answer/entry" | 0.10 |
| 19 | 10/4/2020 | "Discussion and analysis of default and default judgment with co-counsel." | 0.20 |
| 20 | 10/5/2020 | "Check docket for answer/entry" | 0.10 |
| 21 | 10/13/2020 | "Discuss logistics and strategy regarding default judgment with co-counsel" | 0.40 |
| 22 | 10/15/2020 | "notification of Judge cancelled Rule 16 and set damages trial date." | 0.10 |
| 23 | 10/15/2020 | "E-mail correspondence with client" | 0.20 |
| 24 | 10/19/2020 | "E-mail correspondence with client" | 0.30 |
| 25 | 10/22/2020 | "E-mail correspondence with client" | 0.20 |
| 26 | 10/23/2020 | "E-mail correspondence with client" | 0.30 |
| 27 | 10/27/2020 | "calendar time limit to send notice fo [sic] hearing" | 0.10 |
| 28 | 10/29/2020 | "E-mail correspondence with client" | 0.20 |
| 29 | 10/30/2020 | "E-mail correspondence with client" | 0.90 |

| # | Date | Description | Hours |
|---|------|-------------|-------|
| 30 | 10/31/2020 | "E-mail correspondence with client" | 0.20 |
| 31 | 11/1/2020 | "E-mail correspondence with client" | 0.30 |
| 32 | 11/3/2020 | "E-mail correspondence with client" | 0.30 |
| 33 | 11/4/2020 | "E-mail correspondence with client" | 0.20 |
| 34 | 11/9/2020 | "E-mail correspondence with client" | 0.30 |
| 35 | 11/9/2020 | "Notification of Trial continued" | 0.10 |
| 36 | 11/9/2020 | "notification that Trial continued again." | 0.10 |
| 37 | 11/10/2020 | "E-mail correspondence with client" | 0.10 |
| 38 | 11/16/2020 | "E-mail correspondence with client" | 0.20 |
| 39 | 11/17/2020 | "E-mail correspondence with client" | 0.10 |
| 40 | 11/20/2020 | "E-mail correspondence with client" | 0.10 |
| 41 | 11/24/2020 | "E-mail correspondence with client" | 0.10 |
| 42 | 11/28/2020 | "E-mail correspondence with client" | 0.10 |
| 43 | 11/30/2020 | "Review minute entry of hearing." | 0.10 |

(b) From Attorney Berardinelli's timesheet, the Court declines to award fees for the following time entry, which totals **0.20 hours**, as lacking sufficient clarity to justify the time billed:

| # | Date | Description | Hours |
|---|------|-------------|-------|
| 1 | 5/7/2020 | "E-mail correspondence with client" | 0.20 |

- 5 -

Given the adjustments reflected above, the Court re-calculates the appropriate fee for each counsel as follows:

(a) **<u>For Martell Harris</u>**: **30.4 hours** at a rate of **$300.00 per hour**, for a total award of **$9,120.00**

(b) **<u>For Nelson Berardinelli:</u> 15 hours** at a rate of **$280.00 per hour**, for a total award of **$4,200.00**.

The Court will therefore award a total of **$13,320.00** in attorney's fees and **$525.00** in costs, for a final, combined award of **$13,845.00**.

## ORDER

**AND NOW,** this **26th day of February, 2021**, upon consideration of Plaintiff's Motion for Attorney's Fees, ECF 27, it is **HEREBY ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

As set forth above, the Court awards **$13,320.00** in attorney's fees and **$525.00** in costs, for a total of **$13,845.00**. Unless otherwise agreed to by the parties, Defendant Sally Beauty Supply LLC shall pay the total amount due within 30 days of service of this order.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge